UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                           Case No. 23-C-176

DAVONTAY N. THOMAS,

    Defendant.

---

ORDER DENYING MOTION FOR SENTENCE REDUCTION
PURSUANT TO AMENDMENT 821

---

      On December 5, 2023, Defendant Davontay N. Thomas entered a guilty plea under Rule 11(c)(1)(C) to one count of possession with intent to distribute fentanyl, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C). Hoping to benefit by serving his federal sentence concurrent with his state revocation, Thomas requested to either move directly to sentencing or to have sentencing occur within two weeks. Dkt. No. 11. The Government did not oppose the request, and Thomas was sentenced December 5, 2023 to the 90-month sentence anticipated by the Rule 11(c)(1)(C) plea agreement, to run concurrent with the state sentence he was currently serving. The remaining two counts, possession of a firearm in furtherance of a drug trafficking offense and felon in possession of a firearm, were dismissed. No presentence report was prepared. Now before the court are Thomas' motions for sentence reduction, seeking reassessment of his criminal history category and total offense score pursuant to the United States Sentencing Guidelines (U.S.S.G.) Amendment 821. Dkt. Nos. 14, 18.

      18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821, Part A, allows a sentencing court to reduce a defendant's sentence where a defendant was previously sentenced to a term of

imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission. Amendment 821 became effective November 1, 2023, and Thomas was sentenced on December 5, 2023, one month after the effective date. At sentencing the court found, and counsel concurred, that Thomas's Criminal History Category was IV and his Total Offense Level was 25, resulting in an applicable Guideline range of 84 to 105 months. As noted by the U.S. Probation response, Thomas "would have received one point for his conviction in Case No. 17CF2700010, and three points each for his convictions in Case Nos. 18CR27830 and 19CF9201, resulting in a Subtotal of 7 criminal history points." Dkt. No. 17 at 2. Thomas' Criminal History Category would remain at IV, whether his total score was 7 (based on his prior convictions), or whether zero, one, or two additional status points were added for committing the instant offense while on supervision in 19CF201 in the state of Illinois. Thus, it is clear that Thomas' status at the time he committed his offense had no bearing on the Guideline sentence range determined by the court. Under these circumstances, Thomas is not entitled to any reduction.

Even if Thomas *were* eligible, no reduction would be appropriate given the facts of the case. Thomas not only received the benefit of serving his sentence concurrently with his state case, but two firearms charges–including possession of a firearm in furtherance of a drug trafficking offense, contrary to 18 U.S.C. § 924(c)(1)(A)(i)–were dismissed as part of the Rule 11(c)(1)(C) plea agreement. Absent that dismissal, Thomas would have faced a mandatory minimum 120-month sentence. Given the above, the court is satisfied that the serious nature of the charges, the prior history of the defendant, and the facts and circumstances of this case establish that a reduced sentence would fail to meet the requirements of § 3553(a). To impose a sentence of less than 90 months would depreciate the seriousness of the offense, weaken any deterrence

effect, and provide relief to which Thomas is not entitled. Under the circumstances, the motion must be and hereby is denied.

Dated at Green Bay, Wisconsin this 12th day of January, 2026.

                                         William C. Griesbach
                                         United States District Judge